[S. F. No. 20419.   In Bank.   June 2, 1960.]

GEORGE HENRY SAUER, Plaintiff and Appellant, v. ROBERT McCARTHY, as Director of Motor Vehicles, Defendant and Appellant.

Ring, Turner, Ring & Wright and Harold H. Turner for Plaintiff and Appellant.

Stanley Mosk, Attorney General, Carl W. Wynkoop and C. Gordon Taylor, Deputy Attorneys General, for Defendant and Appellant.

GIBSON, C. J.—Robert McCarthy, Director of Motor Vehicles, appeals from a judgment of the superior court which ordered the issuance of a writ of mandate compelling him to reinstate the driver's license of George Henry Sauer after it had been suspended. Sauer has filed a cross-appeal from that portion of the judgment in which the court refused to award him damages against the State of California resulting from the asserted wrongful suspension.

In July 1959, prior to the effective date of the recodification of the Vehicle Code, the Palo Alto-Mountain View Municipal Court found Sauer guilty of driving a motor vehicle while under the influence of intoxicating liquor in violation of former section 502 of the Vehicle Code (misdemeanor drunk driving).[1] Sauer had not previously been convicted of driving while intoxicated. The court suspended his license for a period of 30 days and on August 10, upon termination of the suspension period, returned his license to him.

The Department of Motor Vehicles, on July 31, suspended Sauer's license from August 14 through January 8, 1960, under the authority of sections 306 and 315, subdivision (b) of the Vehicle Code, and the order recited that the suspension

---

[1] Unless otherwise noted, references are to the Vehicle Code prior to its recodification in 1959.

was made in the interest of the safety of persons on the highways. The present proceeding was then initiated by Sauer, who asserted that the department had exceeded its jurisdiction in suspending his license. The superior court concluded that suspension of his license by the municipal court prevented the department from suspending it further. Although the suspension period has terminated, this proceeding has not become moot because a decision will be necessary to determine the standing of Sauer's record with the department and to decide his appeal from that portion of the judgment denying damages.

This case differs from *Hough* v. *McCarthy, ante,* p. 273 [5 Cal.Rptr. 668, 353 P.2d 276], in that there the court recommended no suspension whereas here the court suspended the driver's license. ▆▆ As stated in Hough, the language of the applicable statutes shows that since the department has a discretionary power to suspend where the court recommends no suspension, the department may also suspend where, as here, the court itself suspends the license.

This case also differs from Hough in that it arose under the Vehicle Code prior to its recodification. Section 306, substantially similar to present section 13354, gave the department discretionary powers to suspend or revoke, and subdivision (a) 1 of section 307, substantially similar to subdivision (a) of present section 13352, imposed mandatory duties of suspension upon the department.[2] ▆▆ As pointed out in Hough, section 13352 did not exclude the discretionary powers of the department to suspend or revoke licenses under section 13354 in cases of first convictions of misdemeanor drunk driving. It follows that section 307, standing alone, did not prevent the department from imposing a discretionary suspension under section 306.

Sauer, however, asserts that the effect to be given section 307 depends in part upon language appearing in subdivision (b) of section 502, which provided: ''Whenever any person is convicted of a violation of this section it is the duty of the judge unless, under the provisions of section 307, the court recommends that there be no license suspension, to require the surrender to him of any operator's or chauffeur's license of such

---

[2]Section 306 provided: ''The department may revoke a license upon any of the grounds which authorize the refusal to issue a license and may also suspend or revoke a license upon a conviction of the licensee of operating a vehicle on a highway while under the influence of intoxicating liquor.''

person and to forward the same to the department with the abstract of conviction as provided in section 744 hereof, and *the department shall suspend the driving privilege of any person so convicted as provided in section 307.*"[3] (Italics added.) He argues that the italicized words in section 502, subdivision (b), showed that the department was required to act solely under section 307, subdivision (a) 1 (the mandatory 90-day provision), and was precluded from acting under section 306 (the discretionary provision) and that the department could not suspend his license under the authority of section 307 because that section did not authorize a suspension where the court either suspended or recommended no suspension.

■ It is clear that the reference in subdivision (b) of section 502 to the department's duty to "suspend" the license as provided in section 307 was not intended to be a complete statement of the department's authority to act after a conviction of misdemeanor drunk driving, since that subdivision does not mention the specific direction in subdivision (a) 5 of section 307 that the license be "revoked" upon a third such conviction within 10 years. ■ Moreover, the placement of the provisions in the Vehicle Code showed that subdivision (b) of section 502 was not intended to limit the department's discretionary powers under section 306. The code contained a separate chapter (chapter 4 of division 4) dealing with "Cancellation, Suspension and Revocation of License by the Department." Sections 306 and 307, concerning suspensions and revocations for drunk driving, were contained in this chapter. Subdivision (b) of section 502, on the other hand, was in another chapter (chapter 5 of division 9) which, except for that subdivision, related solely to the defining of certain criminal offenses and the prescribing of the punishment to be imposed therefor by the courts. Under these circumstances it would be unreasonable to hold that the brief

Section 307 provided in part: "(a) The department shall immediately suspend or revoke the privilege of any person to operate a motor vehicle upon a highway upon receipt of a duly certified abstract of the record of any court showing that such person has been convicted of driving a motor vehicle while under the influence of intoxicating liquor. The suspension or revocation shall be as follows: 1. Upon a first such conviction other than under Section 501 such privilege shall be suspended for a period of 90 days, unless the court in case of the first conviction only suspends the license under authority of Section 292 or recommends no such suspension."

[3]The italicized language does not appear in the 1959 code. Present section 13550, however, requires that the license be surrendered and forwarded to the department.

reference in that subdivision to the department's duty to suspend under section 307 was intended as limiting the department's authority to impose suspensions or revocations as set forth in the chapter specially devoted to that subject.

The portion of the judgment of the superior court granting a peremptory writ of mandate is reversed with directions to enter judgment denying the writ, and the portion of the judgment denying damages is affirmed.

Traynor, J., White, J., Dooling, J., concurred.

PETERS, J.—I dissent.

I agree with the majority that this case is governed by the principles announced in *Hough* v. *McCarthy, ante,* p. 273 [5 Cal.Rptr. 668, 353 P.2d 276], this day decided. While I agree that in the present case the portion of the judgment denying damages should be affirmed, for the reasons set forth in the dissent to the Hough case, *ante,* p. 287, I believe the judgment of the trial court granting the peremptory writ of mandate should be affirmed, and petitioner granted the hearing provided by law.

SCHAUER, J., Concurring and Dissenting.—For the reasons stated in the dissenting opinion of Justice Peters in *Hough* v. *McCarthy, ante,* p. 287 [5 Cal.Rptr. 668, 353 P.2d 276], the action of the director and the department in this case, by virtue of their policy of automatic suspension, deprived Sauer of the meaningful hearing to which he was entitled under former Vehicle Code, section 316. Therefore, I believe that the portion of the judgment which grants a peremptory writ of mandate should be affirmed. I agree with the majority that the portion of the judgment which denies damages should be affirmed.

McComb, J., concurred.